E. BRYAN WILSON
Acting United States Attorney

CHRISTOPHER SCHROEDER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: christopher.schroeder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| Plaintiff, | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| DAVID CHISHOLM, | ) | |
| Defendant. | ) | |

Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

## I. Summary of Agreement, Federal Rule of Criminal Procedure 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count of the Information in this case: Count 1 Unlawful Dispensing and Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charge contained in the Information.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. Charges, Elements, Factual Basis, Statutory Penalties and Other Matters Affecting Sentence

### A. Charges

1. The defendant agrees to plead guilty to the following count of the Information:

Count 1: Unlawful Dispensing and Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

*U.S. v. David Chisholm*
3:20-cr-    Page 2 of 16
Case 3:21-cr-00056-SLG-DMS   Document 13   Filed 06/03/21   Page 2 of 16

B.  **Elements**

The elements of the charge in Count 1 to which the defendant is pleading guilty are as follows:

1. The defendant knowingly and intentionally dispensed and distributed a controlled substance,
2. The defendant's dispensing and distribution of the controlled substance was outside the usual course of professional practice,
3. The defendant's dispensing and distribution of the controlled substance was without a legitimate medical purpose,
4. The defendant intended to dispense the controlled substance outside the course of professional practice.

C.  **Factual Basis**

The defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

Beginning on a date unknown and continuing until on or about October 28, 2020, and within the District of Alaska, the defendant, David Chisholm, a doctor licensed to practice medicine in the State of Alaska, knowingly and intentionally dispensed and distributed controlled substances, including Oxycodone, Methadone, Hydrocodone, Morphine, Tramadol, Fentanyl, Hydromorphone, and Buprenorphine, to patients at Camelot Family Health outside the usual course of professional practice and without a

*U.S. v. David Chisholm*
3:20-cr-                                                                Page 3 of 16
Case 3:21-cr-00056-SLG-DMS   Document 13   Filed 06/03/21   Page 3 of 16

legitimate medical purpose. The defendant acted with the intent to dispense these controlled substances outside the course of professional practice. The defendant's prescription of these controlled substances was one of the significant contributing factors in the accidental deaths of five patients: S.I., K.J., J.L., D.R., and V.S. The parties agree, however, that had this matter proceeded to trial, the United States would not have been able to establish that the defendant's prescriptions were the but-for-cause of any of these accidental deaths.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 1: Unlawful Dispensing and Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C):

1) 20 years imprisonment;

2) a $1,000,000 fine;

3) 3 years of supervised release; and

4) a $100 special assessment.

#### 2. Other Matters Affecting Sentence

##### a. *Conditions Affecting the Defendant's Sentence*

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to

*U.S. v. David Chisholm*
3:20-cr-   Page 4 of 16
Case 3:21-cr-00056-SLG-DMS   Document 13   Filed 06/03/21   Page 4 of 16

pay the costs to the United States of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. *Payment of Special Assessment*

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. *Consequences of Felony Conviction*

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United

*U.S. v. David Chisholm*
3:20-cr- Page 5 of 16
Case 3:21-cr-00056-SLG-DMS Document 13 Filed 06/03/21 Page 5 of 16

States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

### III. Advisory United States Sentencing Guidelines, Guideline Application Agreements, Sentencing Recommendations

#### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

#### B. Guideline Application Agreements

The defendant and the United States agree and stipulate to the following facts related to sentencing:

##### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of

*U.S. v. David Chisholm*
3:20-cr- Page 6 of 16
Case 3:21-cr-00056-SLG-DMS   Document 13   Filed 06/03/21   Page 6 of 16

responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

2. **Base Offense Level**

The parties stipulate and agree that U.S.S.G. § 2D1.1(a)(2) will not apply to this case because the United States cannot establish that the defendant's prescription of the controlled substances was the but-for-cause of any deaths or serious bodily injury.

The defendant understands that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, or whether such stipulations relate to questions of fact or law or to the determination of the correct advisory sentencing guideline calculation.

C. **Sentencing Recommendations**

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

*U.S. v. David Chisholm*
3:20-cr- Page 7 of 16
Case 3:21-cr-00056-SLG-DMS Document 13 Filed 06/03/21 Page 7 of 16

The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. Additional Agreements by United States

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. Waiver of Trial Rights, Appellate Rights, Collateral Attack Rights, Claim For Attorney Fees And Costs, and Rule 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

*U.S. v. David Chisholm*
3:20-cr-    Page 8 of 16
Case 3:21-cr-00056-SLG-DMS   Document 13   Filed 06/03/21   Page 8 of 16

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.  Appellate Rights**

The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction and guilty plea, including arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

By waiving these rights, the defendant understands that the conviction and sentence the Court imposes will be final. No other court will conduct appellate review of the conviction or the sentence.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The United States is free to reinstate any

*U.S. v. David Chisholm*
3:20-cr- 	Page 10 of 16
Case 3:21-cr-00056-SLG-DMS   Document 13   Filed 06/03/21   Page 10 of 16

dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow, even if the defendant fails to enter a guilty plea pursuant to this agreement. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the court's acceptance of

*U.S. v. David Chisholm*
3:20-cr-　　　　　　　　　　Page 11 of 16
Case 3:21-cr-00056-SLG-DMS   Document 13   Filed 06/03/21   Page 11 of 16

the guilty plea in this case. This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the United States consent to have the Defendant's plea taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case.

### G. Right to be Present at Plea and Sentencing

The defendant acknowledges that he has the right to be present in court to plead guilty and be sentenced. However, the defendant understands that the Chief Judge of the District of Alaska has found that guilty pleas and sentencing cannot be conducted in person without seriously jeopardizing public health and safety. The defendant agrees that there are specific reasons that the plea and sentencing cannot be further delayed without serious harm to the interests of justice, to include the fact that an accumulation of open cases in the District of Alaska would affect the court system's ability to comply with the speedy trial rights of both the United States and defendants in criminal cases. The defendant understands that if he breaches this agreement to promptly plead guilty and be sentenced,

*U.S. v. David Chisholm*
3:20-cr- Page 12 of 16
Case 3:21-cr-00056-SLG-DMS   Document 13   Filed 06/03/21   Page 12 of 16

the United States is not obligated to recommend the sentencing variances set forth above, and that the defendant will not be allowed to withdraw from this agreement or from his guilty plea.

## VI. Adequacy of the Agreement

Pursuant to Local Criminal Rule 11.2(d), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. The Defendant's Acceptance of the Terms of this Plea Agreement

I, David Chisholm, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill

*U.S. v. David Chisholm*
3:20-cr- Page 13 of 16
Case 3:21-cr-00056-SLG-DMS   Document 13   Filed 06/03/21   Page 13 of 16

these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the United States' burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and

*U.S. v. David Chisholm*
3:20-cr-  Page 14 of 16
Case 3:21-cr-00056-SLG-DMS   Document 13   Filed 06/03/21   Page 14 of 16

issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1 of the Information – Unlawful Dispensing and Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

DATED: 4.16.2021

*David Chisholm*
DAVID CHISHOLM
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 04.16.21

*N. Oberheiden*
NICK OBERHEIDEN
Attorney for David Chisholm

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 05/03/2021

E. BRYAN WILSON
United States of America
Acting United States Attorney