IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID CHISHOLM,<br><br>　　　　　　Defendant. | Case No. 3:21-cr-00056-SLG-1 |

### ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 51 is Defendant David Chisholm's Motion for Compassionate Release. The Government filed a response in opposition at Docket 55, and Mr. Chisholm replied at Docket 59. As requested by the Court, the U.S. Probation Office for the District of Alaska filed a sealed memorandum at Docket 57 regarding Mr. Chisholm's motion.

On January 18, 2022, this Court sentenced Mr. Chisholm to 34 months imprisonment and 3 years supervised release after he was found guilty of one count of Unlawful Dispensing and Distribution of a Controlled Substance.[1] Mr. Chisholm was released to home confinement in New York on February 23, 2023, but remains in Bureau of Prisons ("BOP") custody; his projected release date is February 4, 2024.[2]

---

[1] Docket 40 (Judgment).

[2] Docket 57 at 1 (sealed); Fed. Bureau of Prisons, Inmate Locator (available at

In May 2023, Mr. Chisholm filed the instant motion for compassionate release, seeking to reduce his sentence to time served.[3] For the reasons addressed below, the Court denies Mr. Chisholm's motion.

## I. Applicable law

The First Step Act of 2018, enacted on December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[4] If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. On the merits, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction *and* that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction.[5] Although a district court must make both findings "before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."[6] The Sentencing Commission's policy statement at U.S.S.G. § 1B1.13 is not binding on

---

www.bop.gov/inmateloc/) (last accessed June 5, 2023).

[3] Docket 51-3 at 1.

[4] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[5] 18 U.S.C. § 3582(c).

[6] *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphasis in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

Case No. 3:21-cr-00056-SLG-1, *United States v. Chisholm*
Order re Motion for Compassionate Release
Page 2 of 9
Case 3:21-cr-00056-SLG   Document 60   Filed 06/30/23   Page 2 of 9

a district court considering a compassionate release motion filed by a defendant, but that policy statement "may inform a district court's discretion."[7]

In September 2022, the Ninth Circuit held in *United States v. Chen* that "district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of [compassionate release pursuant to] § 3582(c)(1)(A)."[8] Mr. Chisholm asserts that he "did not receive the benefit of the Supreme Court's [recent] *Ruan* decision," and that the decision constitutes a change in the law that is an "extraordinary and compelling" reason to reduce his sentence to time served.[9] In *Ruan v. United States*, the Supreme Court addressed the *mens rea* requirement in 21 U.S.C. § 841, the statute of which Mr. Chisholm was convicted, which "makes it a federal crime, '[e]xcept as authorized[,] . . . for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance,' such as opioids."[10] *Ruan* held that "the statute's 'knowingly or intentionally' *mens rea* applies to authorization," such that "[a]fter a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must

---

[7] *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

[8] 48 F.4th 1092, 1094, 1098 (9th Cir. 2022) ("There is no textual basis for precluding district courts from considering non-retroactive changes in sentencing law when determining what is extraordinary and compelling.").

[9] Docket 51 at 1; *see Ruan v. United States*, 142 S. Ct. 2370 (2022).

[10] 142 S. Ct. at 2374-75 (alterations in original) (quoting 21 U.S.C. § 841(a)).

Case No. 3:21-cr-00056-SLG-1, *United States v. Chisholm*
Order re Motion for Compassionate Release
Page 3 of 9
Case 3:21-cr-00056-SLG   Document 60   Filed 06/30/23   Page 3 of 9

prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so."[11]

## II. Exhaustion of administrative rights

An inmate has exhausted his administrative rights if the warden of the inmate's facility has denied the inmate's request for compassionate release or if 30 days have lapsed from the warden's receipt of the request for compassionate release.[12] Mr. Chisholm submitted a request for compassionate release to the warden of FCI Otisville, where Mr. Chisholm was previously incarcerated, on November 17, 2022.[13] The warden denied the request on December 5, 2022.[14] Mr. Chisholm has exhausted his administrative rights, and the Court will consider the motion on its merits.

## III. Extraordinary and compelling reasons

Mr. Chisholm, who is currently 66 years old, submits that there are extraordinary and compelling reasons for a reduction of his sentence based on the *Ruan* decision, which he characterizes as a "post-sentencing change[] in the law," and based on his age and length of time served.[15] Mr. Chisholm cites to *Chen* in support of his argument, and asserts that he "did not have the benefit of the *Ruan*

---

[11] *Ruan*, 142 S. Ct. at 2375.

[12] 18 U.S.C. § 3582(c)(1)(A).

[13] Docket 51-1 at 1-2; Docket 51 at 6-7.

[14] Docket 51-1 at 3.

[15] Docket 51 at 7.

Case No. 3:21-cr-00056-SLG-1, *United States v. Chisholm*
Order re Motion for Compassionate Release
Page 4 of 9
Case 3:21-cr-00056-SLG   Document 60   Filed 06/30/23   Page 4 of 9

decision at the time he pled guilty and was sentenced," although he also acknowledges that the "holding of *Ruan* does not invalidate [his] guilty plea."[16]  Mr. Chisholm contends that *Ruan* "would have offered important new arguments for mitigation at sentencing," since it requires the Government to prove that a medical practitioner "knowingly or intentionally" acted in an unauthorized manner as opposed to a lesser standard.[17]  Mr. Chisholm further asserts that based on his age and the fact that he "has already served 80% of his sentence," the Court should reduce his sentence so as to "permit [him] to adapt to a law-abiding lifestyle and allow him to make contributions to society."[18]

Whatever merit Mr. Chisholm's argument may have had in the two circuits that evidently did not apply the "knowingly or intentionally" *mens rea* to the lack of authorization,[19] his argument falls short in the Ninth Circuit.  While *Ruan* changed the law in certain circuits, Ninth Circuit precedent was already consistent with *Ruan* at the time of Mr. Chisholm's sentencing.  In *United States v. Feingold*, the Ninth Circuit held that "a practitioner who acts outside the usual course of professional

---

[16] Docket 51 at 10.

[17] Docket 51 at 10; *Ruan*, 142 S. Ct. at 2375.  The Court notes that in the factual basis for the plea agreement, Mr. Chisholm acknowledged that he "acted with the intent to dispense these controlled substances outside the course of professional practice."  Docket 13 at 4. And the elements of the offense as set forth in the plea agreement included that he "*intended* to dispense the controlled substance outside the course of professional practice."  Docket 13 at 3 (emphasis added).

[18] Docket 51 at 14.

[19] *See United States v. Ruan*, 966 F.3d 1101 (11th Cir. 2020); *United States v. Khan*, 989 F.3d 806 (10th Cir.).

Case No. 3:21-cr-00056-SLG-1, *United States v. Chisholm*
Order re Motion for Compassionate Release
Page 5 of 9
Case 3:21-cr-00056-SLG   Document 60   Filed 06/30/23   Page 5 of 9

practice may be convicted under § 841(a) only if he does so intentionally." In *Feingold*, the Ninth Circuit held that the government must prove that the distribution of the controlled substances "was outside the usual course of professional practice and without a legitimate medical purpose," and that the practitioner acted "with intent to distribute [the controlled substances] and with the intent to distribute them outside the course of professional practice."[20] In *Ruan*, the Supreme Court held that the government must prove "that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so."[21] Therefore, the *Feingold* standard, which perhaps endorses a more stringent standard than *Ruan* because it requires intent to distribute outside the usual course of professional practice and not simply a knowing lack of authorization, was not inconsistent with *Ruan* at the time of Mr. Chisholm's sentencing.[22] The law in the Ninth Circuit has not meaningfully changed.

Mr. Chisholm also asserts that the Court should find an extraordinary and compelling reason for a sentence reduction because the Centers for Disease Control and Prevention ("CDC") have changed their opioid prescription guidelines since his sentencing.[23] Mr. Chisholm contends that while "many of [his] patients

---

[20] 454 F.3d 1001, 1007-08 (9th Cir. 2006).

[21] 142 S. Ct. at 2375.

[22] Mr. Chisholm does not cite to or acknowledge *Feingold* in his reply brief, despite the Government's discussion of the case in its response. *See* Docket 55 at 5-8; Docket 59.

[23] Docket 51 at 12-13; Docket 59 at 2-4.

Case No. 3:21-cr-00056-SLG-1, *United States v. Chisholm*
Order re Motion for Compassionate Release
Page 6 of 9

were prescribed medications that exceeded the recommended Morphine Milligram Equivalents ("MME") provided under the CDC's 2016 Guidelines for Prescription Opioids," which defined the "high-dosage opioid use" guideline as "90 MME for daily use," the "new [2022] guidelines . . . eliminates the numerical dose limits and caps on length of treatment for chronic pain patients."[24]

However, both the 2016 and 2022 CDC guidelines provide only recommendations that are non-binding, and the Government asserts that it "viewed [the 2016 guidelines] as one piece of objective criteria that helped demonstrate that Chisholm could not have believed his prescriptions were within the usual course of professional practice or for a legitimate medical purpose."[25] Further, the 2022 guidelines note that "[m]any patients do not experience benefit in pain or function from increasing opioid dosages to ≥50 MME/day but are exposed to progressive increases in risk as dosage increases."[26] Notably, one of Mr. Chisholm's patients that died was prescribed 1,185 MME/day by Mr. Chisholm, a dosage that was "far outside the usual course of practice under both the 2016

---

[24] Docket 51 at 12-13. These assertions are also the focus of Mr. Chisholm's reply brief. *See* Docket 59.

[25] *See* Docket 55 at 16, 18; Deborah Dowell et al., *CDC Guideline for Prescribing Opioids for Chronic Pain – United States, 2016*, 65 MMWR Recommendations & Reps. 1 (2016), available at https://www.cdc.gov/mmwr/volumes/65/rr/pdfs/rr6501e1.pdf; Deborah Dowell et al., *CDC Clinical Practice Guideline for Prescribing Opioids for Pain – United States, 2022*, 71 MMWR Recommendations & Reps. 1 (2022) [hereinafter *2022 CDC Guidelines*], available at https://www.cdc.gov/mmwr/volumes/71/rr/pdfs/rr7103a1-H.pdf.

[26] Docket 55 at 17 (quoting *2022 CDC Guidelines* at 30).

Case No. 3:21-cr-00056-SLG-1, *United States v. Chisholm*
Order re Motion for Compassionate Release
Page 7 of 9
Case 3:21-cr-00056-SLG   Document 60   Filed 06/30/23   Page 7 of 9

and 2022 CDC guidelines."²⁷  Accordingly, the Court finds that the CDC guideline change does not supply an extraordinary and compelling reason that warrants a sentence reduction in this case.

Finally, Mr. Chisholm notes he is currently 66 years old.  And yet he is currently on home confinement—which presents conditions much less harsh than prison—and he has about eight months remaining on his sentence.²⁸  The Court finds that Mr. Chisholm's age and conditions of confinement are not extraordinary and compelling reasons that would justify a reduction in sentence.

## IV. Section 3553(a) factors

Because Mr. Chisholm has not made a threshold showing of extraordinary and compelling reasons for a reduction in sentence, the Court need not determine whether the § 3553(a) factors weigh in his favor.²⁹  The Court notes that the Probation Office recommended denying the instant motion after reviewing Mr. Chisholm's current circumstances.³⁰

---

²⁷ Docket 55 at 18-19.

²⁸ Docket 57 at 1; Docket 51 at 4-5; *see United States v. Pope*, Case No. 21-1054, 2022 WL 2064682, at *4 (6th Cir. June 8, 2022) ("[A] term of imprisonment served in home confinement would appear less onerous than an equally lengthy prison term.").

²⁹ "Although a district court must perform [the § 3582(c)(1)(A)] sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."  *Keller*, 2 F.4th at 1284 (emphases in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

³⁰ Docket 57 at 2.

Case No. 3:21-cr-00056-SLG-1, *United States v. Chisholm*
Order re Motion for Compassionate Release
Page 8 of 9

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's motion at Docket 51 is DENIED.

DATED this 30th day of June, 2023, at Anchorage, Alaska.

<u>*/s/ Sharon L. Gleason*</u>
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cr-00056-SLG-1, *United States v. Chisholm*
Order re Motion for Compassionate Release
Page 9 of 9
Case 3:21-cr-00056-SLG   Document 60   Filed 06/30/23   Page 9 of 9